UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE MARIE BOSIO, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>RICHARD LEMKE,<br><br>   Defendant. | Case No.: 17-CV-610 JLS (AGS)<br><br>**ORDER REMANDING CASE**<br><br>(ECF Nos. 2, 3) |

Presently before the Court are Plaintiffs Elizabeth S. Del Pozo's and Diane Marie Bosio's Motions to Remand. (ECF Nos. 2, 3, respectively.) Also before the Court are Defendant Richard Lemke's responses in opposition to, (ECF Nos. 4, 5), and Plaintiff Bosio's reply in support of, (ECF No. 9), the Motions to Remand. The Court vacated the hearing on the motions and took them under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 8.) Plaintiffs seek to remand the case to California Superior Court, County of San Diego on the grounds that the case was improperly removed because it fails to state a federal question. (*See generally* ECF Nos. 2, 3.) For the following reasons, the Court **GRANTS** Plaintiffs' Motions and **REMANDS** the case to the Superior Court of California, County of San Diego, Probate Division.

/ / /

/ / /

## BACKGROUND

On March 12, 2004 Plaintiffs brought a probate action in the Superior Court of California in the matter of The Moore Family Trust. (ECF No. 2-1, at 2.[1]) On January 4, 2017, Plaintiffs Bosio and Chas Moore Rundberg filed a complaint in the state court action alleging that Lemke, then-trustee, was not qualified or capable of administering the Trust and was unable to properly execute the duties of the office of trustee. (*Id.*; *see also id.* Ex. 1, ECF No. 2-3.) In fear the Trust would suffer irrevocable loss while Lemke acted as trustee, on February 2, 2017 Bosio and Rundberg filed a subsequent petition to restrain Lemke from acting as trustee, which was granted by the state court on February 7, 2017. (*Id.*; *see also id.* Ex. 3, ECF No. 2-5.) On February 9, 2017, after discovering that Lemke transferred title to real property to himself, Bosio and Rundberg filed another petition requesting that the state court remove Lemke as trustee, appoint another in his place, and reconvey the property to the Trust. (*Id.*; *see also id.* Ex. 4, ECF No. 2-6.) The state court granted this, and other, relief on February 14, 2017. (*Id.*; *see also id.* Ex. 5, ECF No. 2-7.) And, after some briefing between the parties, on March 10, 2017 Del Pozo was appointed interim trustee. (*Id.*; *see also id.* Ex. 7, ECF No. 2-9.)

On March 27, 2017 Defendant Lemke filed his Notice of Removal in this Court. ("Not. of Removal," ECF No. 1.) Defendant's Notice indicates that while this case was not initially removable, "it became removable on March 22, 2017 because of an order" from the state court which was "procured by fraud upon the court when the petitioners stated they were beneficiaries of the Moore Family Trust, which is not true." (*Id.* at 2.) Thus, Defendant claims the Court has federal question jurisdiction under (1) Federal Rule of Civil Procedure 60 (relief from judgment); (2) fraud upon the court; (3) tortious interference and/or intentional interference with contractual relations; and (4) violations of his

///

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

constitutional rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. (*Id.* at 4–5.)

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and federal question jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

"[F]ederal courts are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

## ANALYSIS

Because the Court lacks subject-matter jurisdiction, removal was improper. Defendant removes on the basis of a federal question, (*see* Not. of Removal 4–5), but the Complaint does not present a federal question.

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Similarly, Article III of the U.S. Constitution grants federal courts the power to hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ." *Id.*

Although the "arising under" language of § 1331 mirrors the language used in Article III, courts have construed § 1331 more narrowly. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

The Supreme Court has interpreted "arising under" in Article III to grant federal courts jurisdiction when federal law "forms an ingredient of the original cause." *Osborn v. Bank of the U.S.*, 22 U.S. 738, 822–25 (1824). For purposes of § 1331, however, federal courts must apply the "well-pleaded complaint rule." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A cause of action arises under federal law for purposes of § 1331, and is therefore a basis for removal, "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Id.* (quoting *Mottley*, 211 U.S. at 152).

There is no federal question presented in Plaintiffs' underlying complaint. This is solely a probate action governed by California law. (*See, e.g.*, ECF No. 2-1, at 2–8 and accompanying exhibits.) Defendant argues that federal question jurisdiction exists because an order in state court was allegedly procured by fraud, but this claim does not appear on the face of Plaintiffs' complaint. Even if such claims appeared as federal defenses to the enforcement of said order, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original).

Accordingly, the Court finds that Plaintiffs' complaint does not state a federal question. And when it appears that, prior to final judgment, this Court lacks subject-matter jurisdiction, the proper remedy is to remand the case. *See* 28 U.S.C. §1447(c).

Plaintiffs also move for attorneys' fees pursuant to § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (*See generally* ECF Nos. 2, 3.) A decision to award attorneys' fees is left to the court's discretion, and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "But removal is not objectively unreasonable

solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)

Additionally, "[w]hile *pro se* litigants 'must follow the same rules of procedure that govern other litigants,' they are afforded some leeway regarding their compliance with procedural rules and statutory schemes." *Esparza v. New Centry Mortg. Corp.*, No. 11-CV-1622-IEG JMA, 2011 WL 4499117, at *2 (S.D. Cal. Sept. 26, 2011) (citations omitted). Although the deficiencies of Defendant's Notice of Removal would likely be readily apparent to a practicing attorney, given Defendant's *pro se* status, the Court exercises its discretion and **DENIES** Plaintiffs' request for attorneys' fees under § 1447(c). *See, e.g.*, *id.* (finding same); *see also Deutsche Bank Tr. Co. Ams. v. Bradford*, No. C 12-01077 RS, 2012 WL 3069155, at *1 (N.D. Cal. July 26, 2012) (finding same and collecting cases).

## CONCLUSION

In light of the foregoing, the Court concludes that it lacks subject-matter jurisdiction. Accordingly, the Court hereby **REMANDS** this action to the Superior Court of California, County of San Diego, Probate Division.

**IT IS SO ORDERED.**

Dated: June 20, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge